

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LESLYE CURNUTT, ON BEHALF OF PUCKETT RANCHES, LTD., AND ALAN ROBBINS, ON BEHALF OF MUNNA, LTD., | § § § | No. 08-15-00014-CV |
| Appellants, | § | Appeal from the |
| v. | § | 83rd Judicial District Court |
| | § | of Pecos County, Texas |
| CONOCOPHILLIPS COMPANY, | § | (TC# 6838) |
| Appellee. | § | |

## **O P I N I O N**

This appeal arises out of a 2010 oil and gas dispute, in which Appellants (collectively Curnutt) alleged that Appellee (Conoco) failed to pay royalties as required by the lease, subsequent amendments to the lease, and the Texas Relinquishment Act. After several years of inactivity, the trial court, on its own motion, set the case for a dismissal hearing to be held on October 9, 2014. After considering Curnutt's arguments and motion to retain the case on the court's docket, the trial court dismissed the case for want of prosecution. Curnutt does not challenge the denial of the motion to retain or its dismissal order. Rather, the issues on appeal relate to the Pecos County Clerk's alleged mishandling of their electronically submitted motion to reinstate which ultimately led the trial court to subsequently overrule the motion by operation of law without holding a second hearing. For the reasons that follow, we affirm the judgment.

## FACTUAL BACKGROUND

On April 26, 2010, Curnutt filed suit against Conoco alleging breach of a 1948 State of Texas oil and gas lease granted under the Relinquishment Act, in addition to other statutory claims. The State was not a party to the lawsuit. The parties engaged in discovery that concluded in February of 2011. After the close of discovery, the case sat on the trial court's docket for three years without any significant action. The case summary contained in the record reflects that Curnutt filed a change of address in 2011, and made no filings in 2012. In 2013, the sole entry in the case relates to the appearance of additional counsel. On September 4, 2014, the trial court set the case for a status hearing and Curnutt appeared through counsel. Then, on its own motion, the trial court set the case "for a HEARING on DISMISSAL FOR LACK OF PROSECUTION" on October 9, 2014. Curnutt filed a verified motion to retain the case on the court's docket two days before the dismissal hearing.

At the dismissal hearing, all parties appeared through counsel. Curnutt stated that all of their arguments were already contained in their motion to retain and there is no indication from the record that the trial court limited the scope of the matters to be presented to the trial court at the dismissal hearing. Conoco highlighted the four-year timeline of the case and responded to the motion to retain by arguing that Curnutt failed to offer sufficient probative evidence to show the case had been prosecuted with due diligence or that there was a reasonable excuse for delay. On the same day it heard the dismissal hearing, the trial court entered its order of dismissal without prejudice approximately four years and five months after case was first filed.

Curnutt then filed a verified motion to reinstate. The parties vigorously dispute when the motion was filed with the Pecos County District Clerk. Curnutt asserts that the motion was electronically filed on November 7, 2014. The district clerk accepted the filing on November 21,

2

2014. Curnutt claims that at some point during the process of filing, the district clerk's office deleted or otherwise removed the motion from the trial court's docket. Both parties agree on one thing: the district clerk manually re-accepted the filing on January 21, 2015, and this is also reflected in the record before us. Because of this alleged mistake that occurred in the district clerk's office, the trial court never held a hearing on the motion and it was overruled by operation of law on December 23, 2014.

Curnutt raises three issues on appeal related to this alleged mistake that occurred in the district clerk's office: (1) whether the district clerk's failure to deliver a copy of the motion to reinstate to the district judge, resulting in the motion being overruled by operation of law, constitutes reversible error; (2) whether the trial court's failure to hold a hearing on the motion to reinstate, resulting in the motion being overruled by operation of law, constitutes reversible error; and (3) whether the trial court permitting the motion to reinstate to be overruled by operation of law without holding a hearing constitutes reversible error.

## ANALYSIS

The Texas Rules of Appellate Procedure control the required contents and organization for an appellant's brief. *See* TEX.R.APP.P. 38.1. One of those requirements is the brief must concisely state all issues or points presented for review. *Id.* An issue is sufficient if it directs the reviewing court's attention to the error about which the complaint is made. *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex.App.--El Paso 2007, pet. struck). The brief must also contain a clear and concise argument, including appropriate citations to authority and the record. *See* TEX.R.APP.P. 38.1(h). This requirement is not satisfied by merely uttering brief conclusory statements unsupported by legal citations. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex.App.--El Paso 2006, no pet.). Failure to cite legal authority or provide substantive analysis

3

of the legal issue presented results in waiver of the complaint. *Martinez*, 218 S.W.3d at 844, *citing Leyva v. Leyva*, 960 S.W.2d 732, 734 (Tex.App.--El Paso 1997, no writ).

It is Curnutt's burden to discuss specific assertions of error. *Martinez*, 218 S.W.3d at 844. An appellate court has no duty, or even the right, to perform an independent review of the record and applicable law to determine whether error occurred. *Id.* Were we to do so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Id.*, *citing Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex.App.--Amarillo 2003, pet. denied). In the review of a civil case, we do not have the discretion to consider an issue not raised in the appellant's brief, even if the ends of justice so require. *Martinez*, 218 S.W.3d at 844, *citing Bankhead v. Maddox*, 135 S.W.3d 162, 163-64 (Tex.App.--Tyler 2004, no pet.).

We initially note that while Curnutt raised three issues for review, the argument section of the brief is approximately two pages long and only recites Texas Rule of Civil Procedure 165a and its relevant sub-sections. No relevant legal authority or substantive analysis directs us to the real crux of complaints. It would be inappropriate for us to attempt to re-draft and articulate what we believe Cornutt may have intended to raise as error. *Martinez*, 218 S.W.3d at 845. Due to the failure to comply with the requirements set forth in Rule 38 of the Texas Rules of Appellate Procedure, Cornutt has waived the issues on appeal. *See Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). Even had the issues been properly briefed, they are without merit. Assuming without deciding that error occurred, it was harmless because the failure to hold a hearing on the motion to reinstate did not cause the rendition of an improper judgment or prevent a proper presentation of the appeal. TEX.R.APP.P. 44.1(a); *see also Dueitt v. Arrowhead Lakes Property Owners, Inc.*, 180 S.W.3d 733, 741 (Tex.App.--Waco 2005, pet. denied).

Our sister court in Waco has held that the failure to hold an oral hearing on a motion to reinstate does not constitute harmful error provided that the parties have had notice and an opportunity to present their arguments and evidence at an oral hearing on the motion to dismiss. *See Dueitt*, 180 S.W.3d at 740-41; *Preslar v. Garcia*, No. 03-13-00499-CV, 2014 WL 824201, at *4 (Tex.App.--Austin Feb. 26, 2014, no pet.)(mem. op.)(adopting the *Dueitt* court's analysis concerning harmless error). In *Dueitt*, the trial court held an oral hearing on the motion to dismiss, but did not hold another oral hearing on the motion to reinstate. *Id.* at 740-41. The dismissed parties similarly argued that they were entitled to an oral hearing on their motion to reinstate pursuant to Rule 165a. *Id.* The court noted that the "motion to reinstate is the failsafe to prevent cases . . . from being improperly dismissed." *Id.* at 741, *citing Binner v. Limestone Cnty.*, 129 S.W.3d 710, 713 (Tex.App.--Waco 2004, pet. denied). The Waco court further observed that other appellate courts have held that "participation in a motion to reinstate cures any due process error in the original hearing on the motion to dismiss," and thus ensures that the dismissed party has received due process. *Dueitt*, 180 S.W.3d at 741; *see, e.g., Manning v. North*, 82 S.W.3d 706, 715 (Tex.App.--Amarillo 2002, no pet.); *Texas Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648 (Tex.App.--San Antonio 2002, pet. denied); *Jimenez v. Transwestern Property, Co.*, 999 S.W.2d 125, 129 (Tex.App.--Houston [14th Dist.] 1999, no pet.); *see also Rad v. Black*, No. 03-07-00574-CV, 2008 WL 2777320, at *8 (Tex.App.--Austin Jul. 17, 2008, no pet.)(mem. op.). The court reasoned that participation in an oral hearing on a motion to dismiss would similarly cure any due process concerns raised by failing to hold a hearing on a motion to reinstate. *Dueitt*, 180 S.W.3d at 741, *citing Manning*, 82 S.W.3d at 715; *Texas Sting, Ltd.*, 82 S.W.3d at 648-49.[1] Therefore, while the trial court had not held an oral hearing on the

---

[1] Where a trial court does not hold an oral hearing on either the motion to dismiss or the motion to reinstate, then due process concerns still remain. *See Preslar*, 2014 WL 824201, at *3 n.4; *Enriquez v. Livingston*, 400 S.W.3d

5

motion to reinstate, "all due process concerns were eliminated" because the dismissed parties still received "adequate notice and substance of the hearing on the motion to dismiss, and had the opportunity to respond at the hearing, which is all that due process requires." *Dueitt*, 180 S.W.3d at 741, *citing Smith v. McKee*, 145 S.W.3d 299, 302 (Tex.App.--Fort Worth 2004, no pet.); *Texas Sting, Ltd.*, 82 S.W.3d at 648. Moreover, the Waco court discussed how the dismissed parties did not offer any new arguments or indicate the discovery of any new evidence in their motion to reinstate. *Id.* Because the failure to hold a hearing did not cause the rendition of an improper judgment, or prevent the dismissed parties from presenting their case on appeal, any error was harmless. *Id.*

We find *Dueitt* persuasive. Cornutt does not dispute the receipt of proper notice and a full opportunity to present arguments and evidence at the October 9, 2014 hearing on the motion to dismiss. Contrary to what Cornutt insists in the reply brief, the motion to reinstate offers no new arguments, and contains no additional or newly discovered evidence. Based on the record before us, we cannot conclude that the failure to hold a hearing on the motion to reinstate probably caused the rendition of an improper judgment or prevented a proper presentation of the case on appeal. We thus conclude that error, if any, in failing to hold a hearing on the motion to reinstate was harmless. *See* TEX.R.APP.P. 44.1(a); *Dueitt*, 180 S.W.3d at 741. We overrule all three issues for review and affirm the judgment of the trial court.


May 25, 2016

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

---

610, 616-20 (Tex.App.--Austin 2013, pet. denied)(holding trial court not required to hold oral hearing on motion to dismiss, but abused its discretion in failing to hold oral hearing on motion to reinstate).

6