

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MICHAEL R. NEVAREZ, as Trustee of the 1010 S. Oregon Family Trust, in rem only, GLORIA GONZALEZ, in rem only, and IRENE JOHNSON a/k/a IRENE GONZALEZ JOHNSON, in rem only, | § § § | No. 08-22-00061-CV Appeal from the |
| Appellants, | § | 327th Judicial District Court |
| v. | § | of El Paso County, Texas |
| THE CITY OF EL PASO, | § | (TC# 2011TX569) |
| Appellee. | § | |

## **MEMORANDUM OPINION**

This is an appeal from a summary judgment granted in favor of the City of El Paso (the

City) in a suit to recover delinquent taxes and special assessments through foreclosure of liens on

three tracts of real property. The City sued thirty-two defendants, all named in the capacity of "in

rem only," based on their ownership interests in the tracts during certain tax years.[1] Appellants

Michael R. Nevarez, Trustee of the 1010 S. Oregon Family Trust, in rem only, Gloria Gonzalez,

in rem only, and Irene Johnson aka Irene Gonzalez Johnson, in rem only (collectively, Appellants),

---

[1] The City's original petition is not included in the Clerk's Record provided to this Court for this appeal. However, both parties have agreed that the City's fifth amended petition is the live pleading that was at issue at the time of the trial court's rendering of a summary judgment and default judgment, which are both challenged on appeal.

generally denied each allegation, and further asserted multiple affirmative defenses in answering the City's suit. An attorney who was appointed by the trial court as attorney ad litem answered with a general denial for a group of twenty-one defendants cited by posting. Lastly, a remaining group of eight defendants were individually served with process, answered pro se, failed to answer at all or otherwise failed to enter an appearance.

In a single, combined motion, the City moved for traditional summary judgment and no-evidence summary judgment "against all Defendants that [] answered or appeared," and a motion for default judgment "against all Defendants that [were] duly served and failed to file an answer or otherwise appear." The trial court granted summary judgment favorable to the City as against all defendants cited to appear, and default judgment favorable to the City as to defendants who failed to answer or appear.

In eleven issues, Appellants contend the trial court erred in granting summary judgment in favor of the City.[2] They claim the City failed to give proper notice of both the amount of delinquent taxes and of the appraised property values; failed to establish conclusive proof of all elements of its delinquent tax claim; and lastly, that it failed to disprove, as a matter of law, one or more essential elements of Appellants' multiple, affirmative defenses. Finally, Appellants additionally challenge the default judgment rendered for the City and against the parties who failed to answer or appear. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The City filed suit to recover all taxes on certain property that became delinquent at any time during the pendency of its suit, including all penalties, interest, attorney's fees, and costs. The

---

[2] In the issues presented section of their opening brief, Appellants only describe one issue presented in a lengthy, multi-part statement. However, in the body of their brief, Appellants assign error to a total of eleven issues. We construe the issues presented as those included throughout the body of Appellants' opening brief.

City alleged it was entitled to recover such taxes and penalties on all delinquent taxes imposed on the property from the date of judgment to the date of sale. Specifically, the City alleged there were delinquent taxes, penalties, interest, and costs justly due, owing and unpaid for three tracts of land—for the tax years and in the amounts shown—as follows:

**Property and Amounts Owed**

Tract No. 1 Acct. No.; C05099904606200; Fractional Lots 15 and 16, Block 46, Campbell Addition, an Addition to El Paso County, Texas as described in Volume 793, Page 305, Deed Records of El Paso County, Texas; Save & Except however, that portion thereof, now occupied by the railroad right of way

CITY OF EL PASO                              $28,853.97
Year(s): 2008-2013, 2015-2019

Tract No. 2 Acct. No.; C0509990460800, Fractional Lot 17, Block 46, Campbell Addition, an Addition to El Paso County, Texas, save & except however, that portion therof, now occupied by the railroad right of way, described in deed Volume 2901, Page 0217, Official Public Records of Real Property of El Paso County, Texas.

CITY OF EL PASO                              $11,530.19
Year(s) 2015-2019

Tract No. 3 Acct. No.; C05099904607400, Fractional Lot 18, Block 46, Campbell Addition, an Addition to El Paso County, Texas, as described in Volume 793, Page 305, Deed Records of El Paso County, Texas; Save & Except however, that portion thereof, now occupied by the railroad right of way.

CITY OF EL PASO                              $679.88
Year(s): 2013, 2015-2019

Initially, the City sought a total aggregate amount of $41,064.04 for taxes, penalties, interest, and attorney's fees, if any. Additionally, as to two of the three tracts, the City sought foreclosure of special assessment liens (sanitation) in the amounts of $418.13 and $360.17, respectively. For all taxes and special assessment liens, the City sought a total amount due of $41,842.34.

3

Relevant to this appeal, the City filed its fifth amended petition, which is the live pleading, on April 2, 2020.[3] Within their answer, Appellants asserted lack of notice of both the delinquent taxes and of the appraised property values, as well as listing numerous affirmative defenses. The City moved for traditional and no-evidence summary judgment against Appellants; and default judgment against the defendants who never answered or otherwise appeared. With its motion, the City produced certified copies of its delinquent-tax statements and sanitation liens for all three tracts. The trial court granted the City's motions and entered judgment on February 4, 2022. The judgment awarded the City a total due of $53,029.59 for delinquent taxes, penalties, interest, costs, and special assessment liens, $810 for abstractor's fees incurred in securing date and information as to the name, identity, and location of necessary parties and legal descriptions of the properties, and $1,500, which is taxed as court costs, for attorney ad litem fees. The judgment further ordered foreclosure of the liens against the properties, but it did not award a personal money judgment against any named defendant.

This appeal followed.

## II.  THE TAX CODE

We begin with a brief introduction to relevant provisions of the Tax Code applicable to this case. Of particular importance here, we recognize that property taxes are distinct from other types of taxes because they are "tied to land or personal property." *Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 42 (Tex. 2018). "Property tax liability, therefore, derives from ownership of property." *Id.* (citing TEX. TAX CODE ANN. § 32.07).

---

[3] The Clerk's Record contains an event summary showing filings between 2011 and 2020, which are not otherwise included nor necessary to our disposition.

### A. Notice of appraised taxes due and right of protest

Property owners are personally liable for taxes assessed on property owned on January 1 of each year for which taxes are imposed. TEX. TAX CODE ANN. § 32.07(a). The Tax Code specifically requires that the taxing unit mail tax bills to the "person in whose name the property is listed on the tax roll[.]" *Id.* § 31.01(a). Property "taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed." *Id.* § 31.02(a).

Although the taxing unit is required to send notice to property owners, "failure to send or receive the tax bill . . . does not affect the validity of the tax, penalty or interest, the due date, the existence of a tax lien, or any procedure instituted to collect a tax." *Id.* § 31.01(g). The same rule applies to notice of appraisals: whether the taxing unit mails the notice and whether the property owner receives it are immaterial to the validity of the appraisal. *Id* § 25.19(d). "In other words, ownership gives rise to tax liability, and the appraisal roll and tax roll merely reflect such ownership—they do not establish ownership or create tax liability."[4] *Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d at 44.

This does not leave property owners who do not receive tax bills or notice of appraisals without an avenue for redress in the event the taxing unit fails to send a required notice or the tax rolls inaccurately reflect the property owner's name and address.[5] In fact, the Tax Code "provides

---

[4] As the Texas Supreme Court has stated, and as we will discuss later in this opinion, "the Legislature knows how to specify when the tax roll or related records constitute prima facie evidence—as it did for tax records in a suit to collect delinquent taxes—but nowhere has the Legislature provided that the appraisal records, appraisal roll, or tax roll constitute conclusive evidence of ownership." *Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29 n.8 (Tex. 2018) (citing TEX. TAX CODE ANN. § 33.47).

[5] The Tax Code requires that property owners file a rendition statement which must include the name and address of the property owner. TEX. TAX CODE ANN. § 22.01. "When a property owner does not ensure that the appraisal district record correctly lists its name, address, and property, inaccuracies on the appraisal roll and tax roll may result." *Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d at 44.

detailed administrative procedures for a property owner to contest its property taxes." *Rio Valley, LLC v. City of El Paso*, 441 S.W.3d 482, 487 (Tex. App.—El Paso 2014, no pet.) (citing TEX. TAX CODE ANN. §§ 41.01–.71)).

Chapter 41 of the Tax Code gives property owners the right to protest before an Appraisal Review Board (ARB). Property owners may protest appraised value, ownership, or "any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner." TEX. TAX CODE ANN. § 41.41(a). Section 44.411 provides that a property owner may protest "the failure of the chief appraiser or the appraisal review board to provide or deliver any notice to which the property owner is entitled." *Id.* § 41.411(a). Once the protest is properly filed, the property owner is entitled to a hearing and determination of a protest. *Id.* § 41.44.

Property owners wishing to exercise their statutory right of protest must timely file their protests and continue to pay undisputed taxes—failure to do so results in a waiver of any administrative remedy. A property owner also forfeits the right to a determination of a protest if they do not pay "the amount of taxes due on the portion of the taxable value of the property subject to the protest that is not in dispute before the delinquency date[.]" *Id.* §§ 41.4115, 41.411(c). Thus, even if a property owner timely files a protest, they can still forfeit the right to a final administrative decision by failing to pay undisputed taxes. *Id*.

To protest failure to give notice, a property owner must file their protest "on or after the date the taxes on the property to which the notice applies become delinquent, but not later than the 125th day after the property owner, in the protest filed, claims to have first received written notice of the taxes in question[.]" *Id.* § 41.44(c-3). Once taxes become delinquent, the property owner "is entitled to a hearing solely on the issue of whether one or more taxing units timely delivered a tax

6

bill." *Id.* If a property owner successfully protests lack of notice, the remedy is an extension of time that postpones the delinquency date to the 125th day after the date the taxing unit delivered written notice. *Id.*[6]

A property owner is entitled to appeal a final order determining a protest by filing a petition in the district court within sixty days after it receives notice of the final order. *Id.* § 42.01(a)(1)(A). Administrative decisions are final if not appealed within sixty days. *Id.* § 42.21(a) ("Failure to timely file a petition bars any appeal[.]"). The administrative review process in the Tax Code is intended to "resolve the majority of tax protests at [the administrative level], thereby relieving the burden on the court system." *Webb Cnty. Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990).

## B. Suits to collect delinquent taxes and foreclose on liens

Unpaid taxes become delinquent regardless of whether the property owner seeks the provided administrative remedies—taxes remain due—only the date of delinquency is subject to change. To secure the payment of all taxes, penalties, and interest, the Legislature has provided that a tax lien attaches to property on January 1 of each year. TEX. TAX CODE ANN. § 32.01(a). A tax lien is extinguished by tendering complete payment of the taxes and penalties assessed against the property. *See State v. Hoffman*, 201 S.W. 653, 654 (Tex. 1918).

When taxes become delinquent, the taxing unit has the option of suing "to foreclose the lien securing payment of the tax, to enforce personal liability for the tax, or both." TEX. TAX CODE ANN. § 33.41(a); *see also Tierra Sol Joint Venture v. City of El Paso*, 311 S.W.3d

---

[6] Delinquent taxes incur "a penalty of six percent of the amount of the tax for the first calendar month it is delinquent plus one percent for each additional month or portion of a month the tax remains unpaid prior to July 1 of the year in which it becomes delinquent." TEX. TAX CODE ANN. § 33.01(a). The extension of the delinquency date allows a property owner to pay the assessed taxes before any penalties and interest accrue.

492, 497 (Tex. App.—El Paso 2009, no pet.). If, as is the case here, "judgment in a suit to collect a delinquent tax is for foreclosure of a tax lien, the court shall order the property sold in satisfaction of the amount of the judgment." TEX. TAX CODE ANN. § 33.53(a).[7] Foreclosure of a tax lien results in an in rem judgment.[8] *Tierra Sol Joint Venture*, 311 S.W.3d at 497.

### III.   SUMMARY JUDGMENT AND NOTICE DEFENSES

Appellants bring ten issues challenging the trial court's grant of the City's combined motion for summary judgment.

#### A.   Standard of review—summary judgment

The City filed a combined traditional and no-evidence summary judgment motion. Both types of motions are reviewed de novo, "taking as true all evidence favorable to the nonmovant and indulging every reasonable inference in the nonmovant's favor." *See JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021); *Rosetta Resources Operating, LP v. Martin*, 645 S.W.3d 212, 218 (Tex. 2022); *Fibela v. Wood*, 657 S.W.3d 664, 670 (Tex. App.—El Paso 2022, no pet.). When the trial court's order does not specify the grounds for granting the summary judgment, we must affirm the judgment on any theory presented to the trial court and preserved for our review. *Fibela*, 657 S.W.3d at 670 (citing *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003)).

---

[7] "Tax liens attach upon the land rather than upon the person, and a foreclosure suit is a proceeding 'in rem' rather than 'in personam.'" *Tierra Sol Joint Venture v. City of El Paso*, 311 S.W.3d 492, 497 (Tex. App.—El Paso 2009, no pet.) (emphasis removed).

[8] The City's live pleading names all defendants "in rem only" and not in their individual capacities but sought both the foreclosure of its liens and personal judgment against the named defendants. Conversely, the City's motion for summary and default judgment sought only foreclosure of the liens. The Court is aware of the distinction between in rem and in personam proceedings, but we need not address the distinction further because the relief sought in the motion is consistent with the judgment.

A no-evidence motion is "essentially a motion for a pretrial directed verdict." *Timpte Industries Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). To prevail on a no-evidence motion, the movant must allege that there is no-evidence of one or more essential elements of the non-movant's claims or defenses. TEX. R. CIV. P. 166a(i). The burden is then on the non-movant to "present evidence raising a genuine issue of material fact supporting each element contested in the motion." *Timpte Industries, Inc.*, 286 S.W.3d at 310. The Texas Supreme Court directs courts to strictly enforce the specific element requirement. *Cmty. Health Sys. Prof'l Servs. v. Hansen*, 525 S.W.3d 671, 695–96 (Tex. 2017) ("We have called for strict enforcement of this requirement."). Conclusory motions or "general no-evidence challenges" are insufficient to support summary judgment. *See Timpte Industries, Inc.*, 286 S.W.3d at 310 (citing TEX. R. CIV. P. 166a(i), Comment—1997)).

To prevail on a traditional motion, the movant has the burden to prove that there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022). If the movant carries the burden and establishes a right to summary judgment, "the burden shifts to the non-movant to present issues or evidence precluding summary judgment." *Fibela*, 657 S.W.3d at 670. "When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017).

## B. The City's combined motion for summary judgment

In their first, second, and tenth issues, Appellants' contend the trial court erred in granting summary judgment because: (1) the City's no-evidence motion was conclusory and did not challenge specific elements of Appellants' defenses; and (2) the City failed to meet its traditional

9

summary judgment burden by proving all elements of a delinquent tax claim; and in the alternative, Appellants contend they produced evidence of a genuine issue of material fact on the defense of notice, which otherwise precludes a traditional summary judgment as a matter of law.

The City responds that summary judgment was proper under both the no-evidence and traditional summary judgment standard, contending that it produced prima facie evidence of its delinquent tax claim. Moreover, the City contends that because Appellants failed to exhaust their administrative remedies, the trial court lacked jurisdiction to consider Appellants' notice defenses.

To start, we note the City's motion combines its analysis without providing guidance distinguishing between either standard. *See Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004) ("[U]sing headings to clearly delineate the basis for summary judgment . . . would be helpful to the bench and bar, but [Rule 166a] does not require it."). We therefore first consider the substance of the City's motion and any assertions of no-evidence of Appellants' defenses. *Id.*; TEX. R. CIV. P. 166a(i).

### (1) The no-evidence motion

The City's motion alleged that Appellants: "asserted various untenable defenses to the tax suit;" Appellants' lack "evidence to support any of the essential elements of [their] alleged defenses as to raise a genuine issue of material fact[;]" and, finally, "[a]s such the City is entitled to a no-evidence summary judgment[.]" Of note, Appellants pleaded nineteen affirmative defenses: (1) appraisal unlawful, (2) failure of notice, (3) illegality, (4) laches, (5) lack of liability, (6) modification, (7) novation, (8) payment, (9) proportion to value, (10) rejection, (11) repudiation, (12) rescission, (13) statute of limitations, (14) unconscionability, (15) unequal appraisal, (16) usury, (17) void as against public policy, (18) waiver and estoppel, and (19) waiver of performance. On review of the City's motion, it does not include a list of the affirmative

10

defenses, their elements, or any allegations as to which of the elements Appellants had no evidence to support.

General assertions are insufficient to meet the specificity requirements of Rule 166a(i). We strictly enforce Rule 166a(i)'s requirement that elements of claims and defenses must be set out in a movants no-evidence motion. *Cmty. Health Sys. Prof'l Servs.*, 525 S.W.3d at 695–96. Accordingly, we conclude that the City failed to meet its pleading burden to identify the defenses and elements without evidence, and we cannot uphold the trial court's summary judgment on no-evidence grounds alone. We next consider the City's traditional motion for summary judgment.

### (2)  The traditional motion and notice defenses

To prevail on its traditional motion, the City had the burden to prove there was no genuine issue of material fact, and it was entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). As summary judgment evidence, the City produced certified copies of its delinquent tax rolls, alleging that the tax rolls established a prima facie case in a suit for delinquent taxes. The City further alleged that Appellant was precluded from asserting any defense because they failed to exhaust their administrative remedies as to those defenses as provided in the Tax Code.

### (a)  The prima facie case

The Tax Code provides that in a suit to collect delinquent taxes, "the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that . . . the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts." TEX. TAX CODE ANN. § 33.47. When a taxing unit introduces the documents described in § 33.47 into evidence, it establishes all material facts necessary for its cause of action. *City of Bellaire v. Sewell*, 426 S.W.3d 116, 120 (Tex. App.—

Houston [1st Dist.] 2012, no pet.) (collecting cases holding the same). Once these documents are introduced, "the burden of proof then shifts to the taxpayer to show, by introducing competent evidence, that he has paid the full amount of taxes, penalties, and interest or that there is some other defense that applies to his case." *Id.* (citing *Estates of Elkins v. Cnty. of Dallas*, 146 S.W.3d 826, 829 (Tex. App.—Dallas 2004, no pet.) ("Unless the taxpayer establishes independent reasons why the taxing authority should not recover, the taxing authority is entitled to judgment.").

### (b) The exhaustion of administrative remedies and subject-matter jurisdiction

"The Texas Supreme Court has repeatedly held that 'a taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes.'" *City of El Paso v. Mountain Vista Builders, Inc.*, 557 S.W.3d 617, 621 (Tex. App.—El Paso 2017, no pet.) (quoting *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006)). Because the Tax Code provides an administrative remedy to protest appraised value and notice, a property owner may not raise either of these grounds as a claim or defense in the district court without first obtaining a final decision from the ARB. TEX. TAX CODE ANN. § 42.09(a) (explicitly prohibiting a property owner from raising any protest grounds in the Code as a defense in a delinquent tax suit); *Mountain Vista Builders, Inc.*, 557 S.W.3d at 621. Stated another way, the trial court lacks subject matter jurisdiction to consider any unexhausted protest grounds as an affirmative defense in a suit to collect delinquent taxes. *Mountain Vista Builders, Inc.*, 557 S.W.3d at 621.

### (c) Analysis

As summary-judgment evidence, the City produced its tax roll—conclusively establishing all elements of a delinquent tax suit. TEX. TAX CODE ANN. § 33.47. The burden of proof then

shifted to Appellants to either produce evidence raising a genuine issue of material fact on the City's claim or on a statutory defense. *See, e.g.*, *Estates of Elkins*, 146 S.W.3d at 829.

In Appellants' summary judgment response, they alleged the City failed to prove all elements of its claim, particularly alleging they never received the statutorily required notices of appraisal, assessment, or delinquency, or a combination of any two defenses, or all three. Here, as is problematic to Appellants, these are all grounds for protest under the Tax Code, and Appellant is prohibited by statute from raising these defenses in a suit to collect delinquent taxes. TEX. TAX CODE ANN. § 42.09(a). Appellants were required to raise any dispute related to notice administratively prior to judicial review. *Id.* § 42.01. Because Appellants neither alleged nor produced evidence that they first sought administrative review of their lack of notice defenses, the trial court was prohibited by the Tax Code, and therefore lacked jurisdiction, to consider these defenses.[9] *Mountain Vista Builders, Inc.*, 557 S.W.3d at 621.

Appellants' response also reasserted seven of their original nineteen affirmative defenses, but Appellant merely recited the defenses and did not show how each defense negated an element of the City's claim.[10] Accordingly, we conclude that Appellants did not meet their summary-judgment burden to produce more than a scintilla of evidence to raise a genuine issue of material fact, and summary judgment was proper.[11]

---

[9] Appellants' summary judgment evidence includes a "Property Owner's Notice of Protest" for the 2021 tax year. First, 2021 taxes are not at issue in this appeal. Second, a notice of protest is not a final administrative decision which is necessary to confer subject matter jurisdiction on the trial court to consider a lack of notice defense.

[10] We address Appellants other affirmative defenses below.

[11] As to Appellants' complaint that they have been denied "substantive and procedural due process rights, and . . . a fair opportunity to appear and defend their interests," we disagree. "Due process affords a party the right to be heard before final assessment of the taxes; it does not detail the review mechanism." *Denton Cent. Appraisal Dist. v. CIT Leasing Corp.*, 115 S.W.3d 261, 265–66 (Tex. App.—Fort Worth 2003, pet. denied). Our Court, and our sister courts, have consistently held that the administrative remedies in the Tax Code satisfy substantive and procedural due process. *See id.* ("In cases involving taxation, due process is satisfied if the taxpayer is given an opportunity to be heard before some assessment board at some stage of the proceedings.").

We overrule Appellants' first, second, and tenth issues.

## C. The remaining defenses

Next, Appellants raise seven issues in which they contend the trial court erred in granting summary judgment. Appellants urge that they produced more than a scintilla of evidence to raise a genuine issue of material fact for elements of the following affirmative defenses: (1) appraisal unlawful, (2) failure of notice, (3) illegality, (4) laches, (5) proportion to value, (6) unequal appraisal, (6) void as against public policy. The City responds that Appellants failed to adequately brief these issues, providing only conclusory statements with few citations to controlling precedent. In short, the City argues that Appellants' deficient briefing resulted in a waiver of the issues. We agree with the City.

The Rules of Appellate Procedure provide litigants with a list of the required contents for an appellate brief. *See Interest of A.N.G.*, 631 S.W.3d 471, 476 (Tex. App.—El Paso 2021, no pet.) (citing *Valadez c. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)). Rule 32.1 provides that an appellant's brief "*must* contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i) (emphasis added). As this Court has previously recognized, the "[m]ere uttering of brief, conclusory statements unsupported by citation to legal authorities does not satisfy briefing requirements." *Interest of A.N.G.*, 631 S.W.3d at 476. Failure to comply with the briefing rules and provide citations, argument, or analysis can result in waiver. *Id.* at 476–77 (citing *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015)). "An appellate court has no duty, or even the right, to perform an independent review of the record and applicable law to determine whether error occurred." *Curnutt v. Conocophillips Co.*, 508 S.W.3d 641, 644 (Tex. App.—El Paso 2016, no pet.). Our role is that of a neutral adjudicator, and independent review impermissibly abandons

that role for advocacy. *Id.* Keeping these requirements in mind, the Texas Supreme Court has otherwise instructed the courts of appeals "to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Interest of A.N.G.*, 631 S.W.3d at 477 (citing *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 n.15 (Tex. 2004) (internal citations omitted)).

Here, Appellants shouldered the burden to discuss each of their issues by presenting substantive legal analysis accompanied by citations to authorities and to the record. *Curnutt*, 508 S.W.3d at 644. Even construing the contents of Appellants' brief liberally, all seven issues fail to satisfy the briefing requirements. As an initial matter, the record in this case contains more than 400 pages. Yet, Appellants' brief contains no citations to the record.[12] The argument section for these seven issues is approximately two pages long, with each issue briefed in a single sentence. It contains only general authority with no substantive analysis for our review. TEX. R. APP. P. 38.1(i); *Interest of A.N.G.*, 631 S.W.3d at 478. We therefore conclude that Appellants have waived issues three through nine due to inadequate briefing.[13]

We overrule Appellants' issues three through nine.

---

[12] The appellate record consists of the clerk's record and reporter's record. TEX. R. APP. P. 34.1. Instead of citations to the clerk's record, Appellants refer us to the appendix of their brief. We find their citations insufficient. While it is true that the Rules of Appellate Procedure require an appendix in civil cases, the briefing rules specifically require citations to the record. *Compare* TEX. R. APP. P. 38.1(d), (g), (i) *with* TEX. R. APP. P. 38.1(k) We do not hold that citations to an appendix will always result in briefing waiver. The adequacy of the citations to the record depends on the facts of each case. In the case before us, the volume of the record and the complete lack of citations to the official clerk's record is grossly inadequate. We have no duty to cross-reference Appellants' appendix with a 400-page record. Nor do we have the duty to verify that Appellants' appendix contains only the materials from the official record. *See Fibela*, 657 S.W.3d at 671–72 (noting that attachments to briefs are not part of the formal record and courts do not consider them).

[13] We note that even if Appellants had adequately briefed these affirmative defenses, they are nonetheless waived because Appellants failed to produce evidence that they exhausted their administrative remedies. *See* discussion *supra*.

## IV. THE MOTION FOR DEFAULT JUDGMENT

In Appellants' eleventh and final issue, they contend the trial court erred in granting default judgment "as to any of the defendants" because Appellants timely filed responsive pleadings. Appellants contend that the City did not demonstrate due diligence in serving all of the named defendants. The City responds that Appellants lack standing because they were not a party to the default judgment. If Appellants lack standing, we are without subject-matter jurisdiction to evaluate the merits of their claim. *Texas Quarter Horse Assn. v. American Legion Dep't of Texas*, 496 S.W.3d 175, 180 (Tex. App.—Austin 2016, no pet.). Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Rio Valley*, 441 S.W.3d at 488.

As a general rule of Texas law, standing requires the existence of (1) a real controversy between the parties, and (2) the controversy can be determined by the judicial declaration sought. *Texas Quarter Horse Assn.*, 496 S.W.3d at 180; *McWherter v. Agua Frio Ranch*, 224 S.W.3d 285, 290 (Tex. App.—El Paso 2005, no pet.). A party cannot "complain of errors that do not injuriously affect him or which merely affect the rights of others." *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex. 1973). "A party of record is normally entitled to appeal, however the parties' own interest must be prejudiced before it has standing to appeal." *McWherter*, 224 S.W.3d at 290 (citing *Reynolds v. Reynolds*, 860 S.W.2d 568, 570 (Tex. App.—Dallas 1993, writ denied)). A party bringing such an appeal has the burden to show prejudice. *Id.*

Here, the summary judgment rendered by the trial court addresses the relief sought by the combined motion. The judgment states that Armando Rivas, in rem only, Lionel Rios, in rem only, Yvette Gutierrez, in rem only, Sandra Berlanga, in rem only, Sylvia Quintana, in rem only, and Heriberto Quintana, in rem only, "failed to appear or answer, and wholly made default," and the court further granted summary judgment against the Appellants. Appellants make no argument

16

and cite no legal authority supporting their contention that default judgment was improper or that their interests were prejudiced by the default judgment rendered against the other named parties. Appellants only assert that the City did not act with due diligence to serve all parties named in the lawsuit.

However, it is clear from the language of the judgment that default was not rendered as to any of the Appellants—only the named parties who failed to appear or answer. Because default judgment was not rendered against Appellants, and Appellants have not shown how their interests were prejudiced by the default judgment, we conclude that Appellants lack standing to challenge that portion of the judgment or assert a due process claim based on improper service of other parties.[14] *See FFGGP, Inc. ex rel. Windward Trace 9131 Land Trust v. MTGLQ Invs., LP*, 646 S.W.3d 30, 37 (Tex. App.—San Antonio 2022, no pet.) (quoting *In re Guardianship of V.A.*, 390 S.W.3d 414, 418 (Tex. App.—San Antonio 2012, pet. denied)).

We overrule Appellants' eleventh issue.

## V. CONCLUSION

Having overruled all of Appellants' issues, we conclude the judgment of the trial court is affirmed.

GINA M. PALAFOX, Justice

May 9, 2023

Before Rodriguez, C.J., Palafox, and Soto, J.J.

---

[14] To the extent Appellants assert that they were improperly served, we conclude that Appellants have waived the issue through their answer and appearances below. *See* TEX. R. CIV. P. 124.