ACCEPTED
15-25-00164-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/31/2025 4:16 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00164-CV

IN THE

FIFTEENTH COURT OF APPEALS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/31/2025 4:16:23 PM
CHRISTOPHER A. PRINE
Clerk

at Austin, Texas

_____

INTERRA CREDIT UNION,

Appellant,

v.

ENRIQUE FIGUREOA LABOY,

Appellee.

_____

Appeal from the 395TH District Court of Williamson County
Cause No. 24-0473-C395

## APPELLEE'S BRIEF

Zachary B. Lemelin
Texas Bar No. 24135565
4500 Mercantile Plaza Dr.,
Ste. 300
Fort Worth, TX 76137
Tel. (833) 663-3289

Fax. (855) 855-9830
Zack@CimentLawFirm.com
eService:
CourtFilings@CimentLawFirm.com
ATTORNEY FOR APPELLEE,
ENRIQUE FIGUREOA LABOY

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES..................................................................................2

I.    STATEMENT OF FACTS ............................................................................3

II.   SUMMARY OF THE ARGUMENT ..............................................................4

III.   ARGUMENTS .........................................................................................5

   A. The Trial Court Did Not Abuse Its Discretion in Not Setting Appellant's

Unopposed Verified Motion to Reinstate Case for a Hearing................................5

   i.    Factual Background ...........................................................................5

   ii.   Arguments and Authorities ................................................................5

   B. The Trial Court Did Not Err in Denying Appellant's Unopposed Verified

Motion to Reinstate Case by Operation of Law. ...................................................10

   i.    Arguments and Authorities .................................................................10

IV.   PRAYER..................................................................................................12

# INDEX OF AUTHORITIES

## Cases

*Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (Tex. 1957) ..................................................... 6

*Curnutt v. Conocophillips Co.*, 508 S.W.3d 641* (Tex.ApPro.—El Paso 2016)............................ 8

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-41 (Tex. 1985) ............................ 5

*Emerald Oaks Hotel/Conference Center, Inc. v. Zardenetta*, 32 Tex. SuPro. J. 601, 776 S.W.2d 577* 578 (Tex. 1989)................................................................................................. 6

*Hoffman v. Muro*, 2019 Tex. ApPro. LEXIS 5091* (Tex.ApPro.—Corpus Christi 2019) ............. 8

*In re Conner*, 458 S.W.3d 532, 535 (Tex. 2015)............................................................................. 10

*Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673*, 678 (Tex. 2017) ........................................... 5

## Rules

Tex. R. Civ. Pro. 165a(1) ................................................................................................................... 6

Tex. R. Civ. Pro. 165a(2) ................................................................................................................... 6

Tex. R. Civ. PRO. 165a(3) ................................................................................................................. 7

# I. STATEMENT OF FACTS

Appellant, Interra Credit Union, allegedly issued a loan to Appellee, Enrique Figueroa Laboy, for the purchase of an automobile. The automobile was subsequently repossessed after Appellant's allegations that Appellee failed to make several monthly installment payments. Appellant then hired counsel, who filed a debt collection lawsuit shortly after, with Appellant claiming damages in the amount of $23,366.15.

Appellee appeared and answered through his counsel. Appellant filed its Plaintiff's Motion for Summary Judgment on January 31, 2025. Appellee timely filed his answer. A hearing on the motion was set for June 2, 2025. While both parties appeared at this hearing, no ruling was made on the Motion. The trial court then served notice of a dismissal hearing for June 18, 2025. Despite both parties being properly noticed, Appellant failed to appear and the underlying case was Dismissed for Want of Prosecution. Appellant, by and through its attorney, then filed an Unopposed Verified Motion to Reinstate. This Motion was subsequently overruled by operation of law due to the failure of Appellant to secure a hearing on the Motion.

## II.    SUMMARY OF THE ARGUMENT

Appellant's first argument seeks to establish the trial court's failure to set a hearing for the Verified Unopposed Motion to Reinstate Case (the "Motion") was an abuse of discretion. Appellee's first argument is to establish that the trial court did not abuse its discretion in failing to set a hearing on the Motion.

Appellant's second argument seeks to establish that the trial court erred in denying the Motion by having it overruled by operation of law. Although the Motion was verified, and unopposed by Appellee, there is no requirement for the trial court to grant any motion that it is presented. Further, Appellant still has the option of re-filing the case, as the statute of limitations has still not run. For the foregoing reasons, Appellee is respectfully requesting that the order dismissing the underlying trial court case be upheld and that the case remain dismissed.

## III. ARGUMENTS

A. The Trial Court Did Not Abuse Its Discretion in Not Setting Appellant's Unopposed Verified Motion to Reinstate Case for a Hearing.

### i. *Factual Background*

In the underlying case, the trial court set a dismissal hearing for June 18, 2025. The trial court subsequently sent a Notice of Hearing to both parties. Thereafter, the underlying case was formally Dismissed for Want of Prosecution after Appellant and Appellant's Counsel failed to appear at the Dismissal Docket Hearing. Appellant, by and through his counsel, then filed Plaintiff's Unopposed Verified Motion to Reinstate Case, alongside a proposed Order Reinstating Case which was approved as to form and signed with permission by Appellee's Counsel. While the Motion and proposed Order were filed with the Court and served to all parties, the Motion was never set for hearing by the trial court and, after seventy-five days, was subsequently overruled by operation of law.

### ii. *Arguments and Authorities*

A trial court abuses its discretion when it acts "without reference to any guiding rules or principles,' that is, when it acts in an arbitrary and unreasonable manner." *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673\*, 678 (Tex. 2017); citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-41 (Tex. 1985). The power of a trial court to dismiss a case for want of prosecution is well-established in the state of Texas. "A trial court's authority to dismiss for want of prosecution stems

from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power." *Villareal v. San Antonio Truc & EquiPro.*, 1999 Tex. LEXIS 51, 994 S.W.2d 628\* 630 (Tex. 1999)(citing *Veterans Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976); *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (Tex. 1957)). "A court may dismiss under Rule 165a on 'failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice,' TEX. R. CIV. PRO. 165a(1), or when a case is 'not disposed of within the time standards promulgated by the Supreme Court…' TEX. R. CIV. PRO. 165a(2)." Id. Additionally, the common law "vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence." Id. *See* also *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980); *Williams*, 543 S.W.2d at 90.  Further, a party must be provided with "notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 156a or its inherent authority." Id. *See* also Tex. R. Civ. Pro. 165a(1).

An order of reinstatement must be in writing and signed during the period of the trial court's plenary power and jurisdiction. *Emerald Oaks Hotel/Conference Center, Inc. v. Zardenetta*, 32 Tex. SuPro. J. 601, 776 S.W.2d 577\* 578 (Tex. 1989). In *Zardenetta*, Emerald Oaks was named as a defendant in a lawsuit filed by Pan Tex Hotel Corporation and Conference Development Center Corporation. Id. This

6

lawsuit was dismissed for lack of prosecution by written order signed on July 27, 1988. Id. Pan Tex timely filed a motion to reinstate, in compliance with Tex. R. Civ. Pro. 165a(3). Id. The trial court granted the motion on the same day it was filed and instructed Pan Tex to file a proposed order to be signed. Id. However, this order was not signed until November 30, 1988, which was 126 after the date the order of dismissal was signed. Emerald Oaks sought mandamus relief urging the Supreme Court of Texas to hold the signed order of reinstate void due to it being signed after the trial court lost its plenary power. Id. A majority of the Court held that, even though the trial court granted the motion during an oral hearing, Rule 165a(3) is clear in that "a motion to reinstate is overruled by operation of law if 'for *any* reason a motion for reinstatement is not *decided by a signed written order* within 75 days after the judgment is signed…' (emphasis added). Tex. R. Civ. Pro. 165a(3). Id at 578. Further, the Court held that, "No written order of reinstatement having been signed during this 105-day period, the judgment of dismissal became final, terminating the trial court's plenary power over its judgment." Id. Finally, the Court also held that "[a] trial court's oral pronouncement and docket entry reinstating a cause is not an acceptable substitute for the written order required by rule" and determined that the order of reinstatement signed by the trial court should be vacated. Id.

The purpose of participation in a motion to reinstate is to ensure the dismissed party has received due process and that the dismissal was not improper. *Curnutt v. Conocophillips Co.*, 508 S.W.3d 641* (Tex.ApPro.—El Paso 2016). Participation in a motion to reinstate also cures any due process error in the original hearing on dismissal, ensuring the dismissed party has received due process. Id. at 644. When the failure to hold a hearing on a motion to reinstate did not cause rendition of an improper judgment, or prevent the dismissed party from presenting their case on appeal, any error was harmless. *Id.* Where a motion to reinstate does not offer any new arguments or newly discovered evidence, and where the failure of a trial court to hold a hearing on the motion to reinstate did not probably cause the rendition of an improper judgment, "the error, if any, in failing to hold a hearing on the motion to reinstate was harmless." *Curnutt v. Conocophillips Co.*, 508 S.W.3d 641* (Tex.ApPro.—El Paso 2016); *Hoffman v. Muro*, 2019 Tex. ApPro. LEXIS 5091* (Tex.ApPro.—Corpus Christi 2019). The court in *Cernutt* came to this conclusion due to the failure of the plaintiff to present any evidence or arguments that were new or different from the evidence and arguments that it presented at an earlier hearing on the defendant's Motion to Dismiss. Id.

In the case at bar, while Appellant timely filed its Unopposed Verified Motion to Reinstate, the failure of the trial court to hold an oral hearing on said motion was likely harmless. Appellant failed to appear at a hearing set for the trial court's

8

Dismissal Docket, which occurred on June 18, 2025. Which was properly noticed to both parties. Appellant had ample opportunity to make an appearance before the trial court and avoid having its case dismissed for want of prosecution. While the purpose of a motion to reinstate is to avoid any due process concerns stemming from dismissal, Appellant had ample opportunity to appear and avoid dismissal yet failed to do so. Further, Appellant has not been prevented from presenting his case on appeal.

A case may avoid being dismissed for Want of Prosecution if the plaintiff is able to prove good cause for missing a hearing, but it is not required to be reinstated for such. As stated above, Appellant failed to appear at the hearing before the trial court, of which Appellant must prove good cause for missing. Because the trial court did not abuse its discretion in denying reinstatement, based upon the reasons for failing to appear presented by Appellant, as laid out in the following Arguments section, the trial court likely would have dismissed the case even if an oral hearing had occurred and, therefore, failing to set a hearing on the Unopposed Verified Motion to Reinstate was harmless. While Appellant was unable to present any arguments at a prior hearing, Appellant still received the opportunity to appear and avoid having the underlying case be dismissed. Further, Appellant still has ample opportunity to re-file the case, as the statute of limitations has not run.

Therefore, because Appellant has failed to prove good cause for missing the hearing before the trial court, the trial court acted well within its power and authority to dismiss the action for lack of prosecution and would have acted well within its power and authority to deny any reinstatement of the case. So, the failure of the trial court to set a hearing on the Unopposed Verified Motion to Reinstate was harmless, and not reversible error.

**B. The Trial Court Did Not Err in Denying Appellant's Unopposed Verified Motion to Reinstate Case by Operation of Law.**

### i. *Arguments and Authorities*

A trial court's authority to dismiss a case for want of prosecution arises from two sources: (1) Texas Rule of Civil Procedure 165a; and (2) the court's inherent power. *Villareal v. San Antonio Truck & EquiPro.*, 994 S.W.2d 628, 630 (Tex. 1999). Under Rule 165a(1), a trial court can dismiss a case for want of prosecution "on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." Tex. R. Civ. Pro. 165a(1). Rule 165a(1) is also governed by the "good cause" standard, which requires the dismissed party to show good cause for the case to be maintained on the trial court's docket. *In re Conner*, 458 S.W.3d 532, 535 (Tex. 2015).

A trial court's action in dismissing a lawsuit will not be reversed on appeal unless said court clearly abused its discretion. *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976). A trial court clearly abuses its discretion if "it reaches a decision

so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). When reviewing a trial court's resolution of factual issues or matters committed to its discretion, an appellate court may not substitute its own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). An abuse of discretion with respect to factual matters occurs if the record establishes "the trial court could have reasonably reached only one decision," and it failed to do so. *Id*. at 840. The Appellant is required to show that the trial court could reasonably have reached only one conclusion. *Id.* at 840. The trial court is entitled to consider the entire history of the case in exercising its discretion as to dismissal, including the length of time the case was on file, the amount of activity in the case, and the existence of reasonable excuses for delay. *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984). No single factor is dispositive. *Ozuna v. Southwest Bio-Clinical Laboratories*, 766 S.W.2d 900, 901 (Tex.ApPro.—San Antonio 1989, writ denied).

In Appellant's motion to retain, Appellant's counsel claimed the reasoning for missing the dismissal hearing was due to a "calendaring mistake". The failure of Appellant, and/or its counsel, to attend the hearing provides sufficient reasoning for the trial court to have dismissed the case for lack of prosecution right then and there. Appellant also admits to having been duly noticed about the hearing. And, as stated

above, failure to appear at "any hearing or trial" for which the party had notice is sufficient cause for a trial court to dismiss a case for want of prosecution. Appellant admits to having received notice of the hearing; and, there is no evidence showing that its failure to appear would satisfy the "good cause" standard. Thus, the trial court would be well within its authority to deny any reinstatement of the case and dismiss the action for lack of prosecution.

Therefore, because Appellant admits to having received notice of the hearing, failed to appear at the hearing, failed to meet its burden of proving good cause for its failure to appear, and has failed to show that there is not more than a single reasonable conclusion for the trial court to make, the trial court was well within its authority to dismiss the action for lack of prosecution, would be well within its authority to deny any reinstatement for the case, and did not abuse its discretion.

## IV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee respectfully prays that this Court find in favor of Appellee, and against Appellant, and that the Dismissal for Want of Prosecution in the underlying case be upheld as lawful and binding upon the Parties. Appellee further prays for such other and further relief to which he may be justly entitled, whether at law or in equity.

Respectfully Submitted:

_____

Zachary B. Lemelin
Texas Bar No. 24135565
Ciment Law Firm, PLLC
4500 Mercantile Plaza Dr., Ste. 300
Fort Worth, TX 76137
Tel. (833) 663-3289
Fax. (855) 855-9830
Zack@CimentLawFirm.com
eService:
CourtFilings@CimentLawFirm
.com

ATTORNEY FOR APPELLEE,
ENRIQUE FIGUREOA LABOY

CERTIFICATE OF COMPLIANCE

This documents complies with the type-volume limitations of Texas Rule of Appellate Procedure 9. This brief contains 2,376 words, excluding the parts of the Brief that are excepted, and has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 12 point font.

_____

Zachary B. Lemelin

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served on all interested parties via electronic service on December 31, 2025.

_____

Zachary B. Lemelin

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Zack Lemelin on behalf of Zack Lemelin
Bar No. 24135565
zack@cimentlawfirm.com
Envelope ID: 109583696
Filing Code Description: Response
Filing Description: Appellee's Response Brief
Status as of 12/31/2025 4:41 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Samuel E.Sprowles | | sprowles.lawoffice@gmail.com | 12/31/2025 4:16:23 PM | SENT |
| Zachary Lemelin | | Zack@cimentlawfirm.com | 12/31/2025 4:16:23 PM | SENT |
| Ciment Law Firm | | CourtFilings@cimentlawfirm.com | 12/31/2025 4:16:23 PM | SENT |